UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHAN VALENCIA THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, KYLE CHRISTIANSON, ERIC GARCIA, and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:25-cv-02113 WBS CSK<br><br><u>MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u> |

----oo0oo----

This action arises out of events of alleged police violence. On or about May 24, 2022, Stanislaus County Sheriff's Office ("SCSO") deputies were searching for plaintiff. (Docket No. 12 (First Am. Compl. ("FAC")) at 5.) Upon locating him sitting behind a fence, defendant Christianson tore down boards of the fence, and defendant Garcia commanded his police dog to attack plaintiff. (Id.) The dog bit plaintiff in the left leg, tearing into his flesh. (Id.)

While the dog was attacking plaintiff, plaintiff placed

1

his hands above his head in a gesture of surrender. (Id.) Christianson then grabbed plaintiff's right wrist, which plaintiff initially resisted. (Id.) Christianson responded to plaintiff's resistance by twisting and breaking his arm and punching him in the head. (Id.)

Five deputies, including Christianson and Garcia, then held plaintiff to the ground while continuing to permit the dog to attack him. (Id. at 6.) After the dog had been attacking plaintiff for about forty seconds, Garcia removed the dog from him. (Id.)

Following the incident, plaintiff was left with "[c]hunks of flesh h[anging] off his calf" as well as a broken arm that required surgery. (Id.) Plaintiff was then charged with, among other things, resisting an officer under Cal. Penal Code § 69 ("Section 69"), to which he subsequently pled *nolo contendere*. (Docket No. 14-1 at 6-7.)

Plaintiff now brings three claims under 42 U.S.C. § 1983 ("Section 1983") against defendants: (1) a Fourth Amendment excessive force claim against Christianson, Garcia, and Officer Does; (2) a municipal liability claim against Stanislaus County ("the County") under custom or policy, failure-to-train, and ratification theories; and (3) a supervisory liability claim against the Supervisor and Officer Does. (See generally FAC.) Defendants move to dismiss plaintiff's first amended complaint for failure to state a claim. (Docket No. 14-1.)

I. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for

2

dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

        a.    Excessive Force Claim

Defendants argue that plaintiff's excessive force claim against Christianson, Garcia, and Officer Does is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which prohibits a plaintiff from maintaining a damages action under Section 1983 if "a judgment in favor of [him] would necessarily imply the invalidity of his conviction or sentence." Specifically, defendants contend that permitting plaintiff's Section 1983 action to proceed would imply the invalidity of his conviction under Section 69. (See Docket Nos. 14-1 at 5-7, 21 at 2-6.)

Defendants' argument is foreclosed by King v. Villegas, 156 F.4th 979 (9th Cir. 2025). In King, the Ninth Circuit established a categorical rule that "[Federal] Rule [of Evidence] 410(a) bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*." Id. at 984. The Ninth Circuit noted that its conclusion was "consistent with the established understanding of *nolo* pleas," which are, "first and foremost, not . . .

3

admission[s] of factual guilt." Id. at 985 (citation modified).

King involved markedly similar factual circumstances to plaintiff's. King filed a Section 1983 action against the defendants alleging unlawful force under the Eighth Amendment. See id. at 985. He subsequently entered a *nolo contendere* plea to one count of violating Section 69. See id. The defendants introduced evidence of King's *nolo contendere* plea in attempt to preclude King's Section 1983 claim as barred by Heck. See id. The district court "considered both evidence of [his] nolo contendere plea and statements made during a proceeding on that plea" in King's civil case to conclude that his claim was indeed barred by Heck. See id. The Ninth Circuit reversed, holding that the district court erred in considering such evidence. See id.

Applying King straightforwardly to the present situation, plaintiff's *nolo contendere* plea and the facts stipulated to therein are inadmissible to show that he committed a violation of Section 69. See id. at 984-85. Therefore, "there is no plausible basis for a conclusion that plaintiff's original § 1983 excessive force claim against [defendants] is Heck-barred." Warden v. B. Cowan, et al., No. 2:19-cv-00431 TLN AC P, 2025 WL 3563222, at *8 (E.D. Cal. Dec. 12, 2025) (applying King); see also King, 156 F.4th at 984-85.

Defendants nevertheless argue that King does not prohibit the admission of plaintiff's *nolo contendere* plea and its resulting conviction as evidence that he violated Section 69 because plaintiff did not make his plea pursuant to People v.

4

West, 3 Cal. 3d 595 (Cal. 1970).  (See Docket No. 14-1 at 12-13.)[1]  Therefore, defendants claim, plaintiff's plea was a conclusive admission of factual guilt that, under Heck, prohibits him from maintaining a Section 1983 action.  (See id. at 15.)

        Defendants overextend King.  While the King court noted that its holding applies with particular force when "a defendant in California state court couples a *nolo* plea with a plea pursuant to [West]," it did not suggest that a West plea was a necessary condition for its holding to apply at all.  See 156 F.4th at 985.  Thus, as King instructs, the court cannot rely on plaintiff's *nolo contendere* plea as evidence that his excessive force claim is barred by Heck.  See King, 156 F.4th at 985.

        At oral argument, defense counsel also emphasized the purported fact that the plaintiff in King pled *nolo contendere* to a misdemeanor under Section 69, whereas plaintiff here pled *nolo contendere* to a felony under Section 69.  The implication being, defense counsel contended, that because of this difference, King does not foreclose reliance on plaintiff's *nolo contendere* plea as evidence of his guilt.  But the court in King did not mention -- much less rely on -- whether the plaintiff in that case pled *nolo contendere* to a misdemeanor or a felony.  Correspondingly, this court will decline defense counsel's invitation to "create razor-thin distinctions to evade precedent's grasp."  Nat'l Lab.

---

[1] "A West plea is a plea of *nolo contendere*, not admitting a factual basis for the plea. Such a plea, also referred to as an Alford plea . . . allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." Almanza-Arenas v. Lynch, 815 F.3d 469, 474 n.3 (9th Cir. 2016) (citation modified).

5

Rels. Bd. v. Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Iron Workers, Loc. 229, AFL-CIO, 974 F.3d 1106, 1117 (9th Cir. 2020) (Bumatay, J., dissenting) (citation and quotations omitted).

Moreover, as plaintiff's counsel pointed out at oral argument, the proceedings before the district court in King confirm that the plaintiff in that case did in fact enter a *nolo contedere* plea to a felony under Section 69.  See ECF No. 106-1 at 2, King v. Villegas et al., 1:17-cv-00676 JLT EPG (E.D. Cal. May 18, 2022).

Accordingly, the court will deny defendants' motion to dismiss plaintiff's excessive force claim.

b.   Monell Claim

Plaintiff also brings a municipal liability claim against Stanislaus County under custom or policy, failure-to-train, and ratification theories.  (See FAC at 8-14.)  Because plaintiff adequately alleges a Monell claim under a custom or policy theory, it is "not necessary evaluate [his] failure-to-train" and ratification theories "at this stage."  See Quinto-Collins v. City of Antioch, No. 21-cv-06094 VC, 2022 WL 18574, at *2 (N.D. Cal. Jan. 3, 2022).

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)).  To impose

6

liability under a custom or policy theory, a plaintiff must show: "(1) that [he] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force' behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citation modified).

A plaintiff may establish the existence of a custom or policy based on: "(1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate." Gonzalez v. Cnty. of Merced, 289 F. Supp. 3d 1094, 1098 (E.D. Cal. 2017). "At the pleading stage, plaintiff need not prove the existence of such a custom"; all plaintiff must do is "allege sufficient facts to make [his] claim plausible." Doe v. Cnty. of San Joaquin, No. 2:24-cv-00899 WBS CKD, 2024 WL 3697555, at *4 (E.D. Cal. Aug. 7, 2024).

Plaintiff has adequately alleged a Monell claim under a custom or policy theory. Indeed, plaintiff has pled the circumstances of ten incidents spanning the last decade of SCSO

7

deputies "unnecessarily inflict[ing] pain to punish subdued and/or restrained arrestees at the scene of their arrest" to establish that the County has tacitly adopted a custom or policy of violating non-resisting arrestees' Fourth and Fourteenth Amendment rights. (See FAC at 8-11.)  Five of these incidents involved deputies using police dogs, specifically, to perpetuate force against non-resisting arrestees.  (See id.)  Other incidents involved holding an arrestee down, causing his death, after he had been subdued (id. at 9); slamming an arrestee head-first into the ground, causing him to become paralyzed, after he had been subdued (id. at 10); and repeatedly punching a restrained arrestee in the head (id. at 11).  These incidents, along with plaintiff's incident, all appear to involve force one might reasonably characterize as excessive.

Defendants argue that the frequency at which these incidents occurred over the last several years is insufficient to establish a custom or policy, but they do not explain why this frequency is insufficient or provide any principles under which the court may determine what frequency of allegations would be sufficient to state such a claim.  However, as former Chief Judge O'Neill observed in Gonzalez, 289 F. Supp. 3d at 1099, it is "difficult to discern from the caselaw the quantum of allegations needed to survive a motion to dismiss" a Monell custom or policy claim.

The only numerical requirement the court can glean from the case law is that, generally, a plaintiff must plead more than two sufficiently similar incidents to adequately allege a custom

8

or policy.  See Trevino, 99 F. 3d at 918 (collecting examples); cf. also French v. City of Los Angeles, No. ED-cv-20416 JGB SHKx, 2021 WL 6752229, at *5 (C.D. Cal. Jan. 8, 2021) ("Various incidents (generally more than one or two) may permit the inference of a policy, taking into account their similarity, their timing, and subsequent actions by the municipality." (citation and quotation marks omitted)).  Plaintiff has far exceeded that requirement.

Defendants also argue that the incidents plaintiff alleges are not sufficiently similar and therefore do not establish a uniform custom or policy of utilizing excessive force to punish non-resisting arrestees.  (See Docket No. 14-1 at 17-18.)  In particular, defendants point out that some of the alleged incidents involved force exerted by police dogs, whereas others did not.  (See id.)  This distinction is immaterial because the custom or policy plaintiff identifies is that of "unnecessarily inflict[ing] pain to punish subdued and/or restrained arrestees at the scene of their arrest," whether via police dog or other means.  (FAC at 8.)

Plaintiff has alleged "multiple, specific events in which significant force was utilized by Stanislaus County deputies in situations where the force used may plausibly be said to have been excessive." J.M. by & Through Rodriguez v. Cnty. of Stanislaus, No. 1:18-cv-01034 LJO SAB, 2018 WL 5879725, at *6 (E.D. Cal. Nov. 7, 2018).  He has also alleged that the incidents occurred absent discipline, investigation, or retraining of the deputies who deployed such force.  (See FAC at 8.)  Considered

9

together, and "[t]aking all of plaintiff's allegations as true and drawing all reasonable inferences in [his] favor, as the court must at this stage," plaintiff has adequately pled a Monell claim under a custom or policy theory.  See Doe v. Cnty. of San Joaquin, 2024 WL 3697555, at *4.

Accordingly, the court will deny defendants' motion to dismiss plaintiff's Monell claim.

        c.   Supervisory Liability Claim

Lastly, plaintiff brings a supervisory liability claim against defendants Supervisor and Officer Does.  (See FAC at 15.) Defendants do not appear to directly contest this claim.  (See Docket Nos. 14-1, 21.)

Under Section 1983, "[s]upervisory liability is imposed against a supervisory official in his individual capacity." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotations omitted).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations that the Supervisor and Officer Does "knowingly refused to terminate a series of acts by [their

10

subordinates], which [they] knew or reasonably should have known would cause [them] to inflict a constitutional injury," Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 968 (9th Cir. 2001), are enough to establish "[t]he requisite causal connection" between these defendants' wrongful conduct and the violation of plaintiff's right to be free from excessive force, Starr, 652 F.3d at 1207-08.  Plaintiff also alleges that the Supervisor and Officer Does personally participated in the deprivation of his constitutional rights through various means, which is independently sufficient to state a claim for supervisory liability.  See id. at 1207.

Accordingly, the court will deny defendant's motion to dismiss plaintiff's supervisory liability claim.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 14) be, and the same hereby is, DENIED.

Dated:   January 6, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11