RIVERA HEWITT PAUL LLP
SHANAN L. HEWITT, SBN 200168
WENDY MOTOOKA, SBN 233589
2355 Gold Meadow Way, Suite 170
Gold River, California 95670
Telephone: 916-922-1200 Fax: 916 922-1303
Email:  SHewitt@rhplawyers.com
        wmotooka@rhplawyers.com

Attorneys for Defendants COUNTY OF
STANISLAUS, KYLE CHRISTIANSON, and
ERIC GARCIA

**QURESHI LAW PC**
Omar G. Qureshi (Cal. Bar No. 323493)
omar@qureshi.law
Max A. Schoening (Cal Bar No. 324643)
max@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 786-3478
Fax: (213) 277-8989

*Attorneys for Shan Valencia Thomas*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAN VALENCIA THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF STANISLAUS, KYLE CHRISTIANSON, ERIC GARCIA; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02113-WBS-CKD<br><br>**STIPULATED PROTECTIVE ORDER;** ~~**[PROPOSED]**~~ **ORDER** |

Plaintiff Shan Valencia Thomas and Defendants County of Stanislaus, Kyle Christianson, and Eric Garcia submit the following Stipulated Protective order.

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

1

## STIPULATED PROTECTIVE ORDER

**A.   PURPOSE AND LIMITATION**

Defendants believe that discovery activity concerning the materials described in this Stipulated Protective Order is likely to involve production of information for which protection from public disclosure would be warranted.  The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection this order affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c).  The parties further acknowledge that this Stipulated Protective Order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.   DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.   The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.   "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3.   "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c).  Confidential documents, material, and/or information shall be used solely for purposes of litigation.  Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4.   "Plaintiff" shall mean SHAN VALENCIA THOMAS.

5.   "Defendants"   shall   mean   the   COUNTY   OF   STANISLAUS,   KYLE

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

2

CHRISTIANSON, and ERIC GARCIA.

6.    "Parties" shall mean Plaintiffs and Defendants, identified above.

**C.    INFORMATION COVERED**

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this Stipulated Protective Order is limited to the following (except to the extent that the information is otherwise available to the public or subject to disclosure, including pursuant to California Penal Code § 832.7):

1.    Unredacted images and video of third-party suspects and witnesses;

2.    Autopsy photographs;

3.    Protected health information of parties and third parties;

4.    Officer personnel records that are not subject to disclosure under California Penal Code § 832.7.

The existence of this Stipulated Protective Order shall not invalidate objections based on privacy or other interests that outweigh the need for public disclosure and shall not be used as a substitute for redactions required for sensitive personal information or confidential law enforcement information (e.g., the identity of confidential informants, jail plans or schematics, ongoing investigations, etc.).

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), the Parties assert that there exists a specific, particularized need for protection as to the information covered by this Stipulated Protective Order. The Parties represent to the Court that the materials designated to be covered by this Stipulated Protective Order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and do not include information designated on a blanket or indiscriminate basis.

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this Stipulated Protective Order is for the convenience of the Parties and the Court. The Parties seek to avoid litigation and the

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

3

expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this Stipulated Protective Order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on the Parties' good faith representations of the need for protection. Production may be made with this Stipulated Protective Order in place, but subject to challenges to documents designated for protection.

**D.      TERMS OF THE PROTECTIVE ORDER**

Confidential documents subject to protection may be designated as "Confidential" and produced subject to this Stipulated Protective Order:

1.      The Confidential documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The parties will designate the Confidential documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential documents may only be disclosed to the following persons:

a.      Plaintiffs and attorneys for plaintiffs;

b.      Defendants and attorneys for defendants;

c.      Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

d.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

e.      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this Stipulated Protective Order;

f.      The finder of facts at the time of trial, subject to the court's rulings on *in*

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

4

*limine* motions and objections of counsel; and

g.    Witnesses during their depositions in this action.  If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4.    Information covered by this Stipulated Protective Order does not automatically entitle or require the parties to file such information or documents with the Court under seal.  Any request to seal documents is governed by Local Rule 141.  If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential documents under seal according to Local Rule 141.  If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5.    The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

6.    Any party or non-party may challenge a Confidential designation at any time.  A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

7.    If the Parties cannot resolve a challenge without Court intervention, the

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

5

designating party shall file and serve a motion for a protective order to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c).

8. Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

9. Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the designating party of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.

10. The Confidential documents shall not lose their confidential status because they were inadvertently or unintentionally disclosed to a person not authorized to receive them under this Stipulated Protective Order.

11. The protections conferred by this Stipulated Protective Order cover the materials and information defined above, as well as any information copied from the materials. However, the protections conferred by this Stipulated Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD                6

from a source who obtained the information lawfully and under no obligation of confidentiality.

12.     All Confidential information covered by this Stipulated Protective Order will continue to be confidential if it remains the proper subject of a protective order under Federal Rule of Civil Procedure 26(c).  Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons.

13.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.

14.     The Parties may request additional categories of records to be subject to this Stipulated Protective Order.  If a party believes a document to be produced should be subject to this Stipulated Protective Order, the parties must meet and confer.  If there is agreement, the parties shall submit an amendment to this Stipulated Protective Order to identify the additional category of documents.  If the Parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

IT IS SO STIPULATED.

DATE:  March 19, 2026                    RIVERA HEWITT PAUL LLP


 /s/ Wendy Motooka
SHANAN L. HEWITT
WENDY MOTOOKA
Attorneys   for   Defendants   COUNTY   OF
STANISLAUS,   KYLE   CHRISTIANSON,   and
ERIC GARCIA


Dated: March 19, 2026              By:  /s/ Max A. Schoening  [as authorized on 3-19-2026]
                                   Max A. Schoening
                                   Omar G. Qureshi
                                   *Attorneys for Plaintiff Shan Valencia Thomas*

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

7

# [PROPOSED] ORDER

GOOD CAUSE APPEARING, the parties' stipulated protective order is GRANTED.

**IT IS SO ORDERED.**

Dated:  March 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER
Case No. 2:25-cv-02113-WBS-CKD

8