UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAN VALENCIA THOMAS,<br>Plaintiff,<br>v.<br>STANISLAUS COUNTY, et al.,<br>Defendants. | 2:25-cv-02113-WBS-CKD<br><br>ORDER |

Plaintiff's motion to compel further production of documents and amended responses to interrogatories is before the court. (ECF No. 37.) This matter is appropriate for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing set for December 2, 2026, is vacated. For the reasons set forth below, the motion is granted, except as to most of the materials involving a juvenile arrestee.

## I. Background

Plaintiff filed suit under 42 U.S.C. § 1983, alleging Stanislaus County Sheriff's deputies used excessive force to arrest him on or about May 24, 2022. In the operative first amended complaint (FAC), plaintiff alleges deputies were searching for him and located him sitting behind a wooden fence in the outdoor patio of an apartment complex. (ECF No. 12, ¶ 21.) Upon locating plaintiff, defendant Christianson tore down boards of the fence, and defendant Garcia commanded his police dog to attack plaintiff. (Id., ¶ 22.) In addition to his excessive force claims

against individual deputies, plaintiff asserts three claims against the County under Monell v. Department of Social Services, 436 U.S. 658 (1978), based on custom and practice, failure to train, and ratification. (Id., ¶¶ 43-75.)

During discovery, defendants agreed to provide Deputy Garcia's body-worn camera video for other arrest incidents occurring from 2017 to the present which resulted in a dog bite. (ECF No. 39 at 13.) Plaintiff now seeks to compel production of (1) information including contact information and photographs of injuries of victims in 16 prior dog bite incidents involving Deputy Garcia between May 2019 and May 2022; (2) all body-worn camera video, incident reports, victim identification and contact information, and photographs of injuries for a dog bite incident involving Deputy Garcia and a juvenile two days before the incident involving plaintiff; and (3) a video plaintiff describes as showing Deputy Garcia joking with another deputy on July 14, 2025, about attacking a non-resisting man with a dog. (Id. at 7-8, 15.)

Following meet-and-confer, defendants produced the incident reports for each dog bite incident, redacted for third-party privacy, except for the arrest involving a juvenile. (ECF No. 39 at 13.) Defendants refused plaintiff's request to provide unredacted reports so as not to disclose names, dates of birth, residential addresses, cell phone numbers, driver's license numbers, and other personal information individuals contained therein. (Id.)

## II. Legal Standards

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …

Fed. Rule Civ. P. 26(b)(1).

In a motion to compel discovery under Federal Rule of Civil Procedure 37(a), "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party opposing the discovery "has the burden of showing that discovery should

not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Id. (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

**III. Discussion**

**A. Further Documents Concerning Non-Juvenile Dog Bite Incidents**

Plaintiff seeks to prove incidents shown in the videos produced are examples of a custom or practice by the County. The FAC alleges the County had a custom or practice that "deputies unnecessarily inflict pain to punish subdued and/or restrained arrestees at the scene of their arrest, including by having dogs bite them for prolonged periods." (FAC ¶ 46.) The FAC sets forth two prior incidents in which County deputies allegedly used police dogs to bite persons for periods lasting 30 seconds or more, and multiple other specific events in which significant force was utilized by Stanislaus County deputies in situations other than dog bite incidents where the force used may plausibly be said to have been excessive. (Id., ¶¶ 46-55.)

Plaintiff meets the initial burden to show relevance for all materials sought in light of his Monell claims. In Monell, the Supreme Court explained "a municipal entity cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691. Instead, a municipality may be held liable under Section 1983 only if the alleged wrongdoing was committed pursuant to a municipal policy, custom, or practice. See id. at 694.

"A section 1983 plaintiff may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992). Once a plaintiff establishes the existence of a municipal policy, custom, or practice, the plaintiff must still "show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Bell v. Williams, 108 F.4th 809, 824 (9th Cir. 2024) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989). "One way of doing so is by showing that the municipality demonstrated deliberate indifference to constitutional rights when it trained its employees. This requires proof that a municipal actor disregarded a known or obvious

consequence of his action." Id. (internal quotation marks omitted). "[A] failure-to-train theory of Monell liability usually requires a pattern of similar constitutional violations by untrained employees." Vanegas v. City of Pasadena, 46 F.4th 1159, 1167 (9th Cir. 2022) (internal quotation marks omitted).

Because discovery is designed to define and clarify the issues in the case, it is "not limited to issues raised by the pleadings." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." Soto, 162 F.R.D. at 610 (quoting Miller v. Panuci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

The materials plaintiff seeks are relevant to establish his Monell claims based on custom and practice, failure to train, and ratification. See, e.g., Tyner v. City of Jackson, Miss., 105 F.R.D. 564, 565 (S.D. Miss. 1985) (finding investigative reports regarding other similar incidents involving any of the individual defendant police officers are either relevant or will lead to the discovery of admissible evidence). Because plaintiff has met his initial burden of establishing relevance, the court determines whether the County has met its "heavy burden" of showing why the discovery sought should be denied. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

Defendant argues the material sought is not relevant and proportional, with the primary concern being the privacy rights of third parties. (ECF No. 39 at 20-24.) This court applies federal law in assessing the privacy rights of third parties. See Fed. R. Evid. 501; Agster v. Maricopa Cnty., 422 F.3d 836, 839-40 (9th Cir. 2005) ("Where there are federal question claims… the federal law of privilege applies.").

Defendant argues plaintiff's interest in obtaining confidential third-party information is outweighed by third-party privacy interests because the Monell claims are "ill-defined" (ECF No. 39 at 23) and producing the unredacted reports and photographs of injuries from other arrests would not aid in establishing the claims. For example, defendant argues plaintiff has admitted he would not have been bitten by police K9 if he had pulled over when police were pursuing him on the roadways and not resisted arrest at the gas station. (Id. at 9-10.) Defendant argues plaintiff's

case falls into a minority situation in which a suspect does not comply with officers' commands, and there can be no Monell claim if the challenged custom did not cause his injuries. (Id. at 9-10, 25.) This argument fails to account for plaintiff's allegation of a custom or practice that "deputies unnecessarily inflict pain to punish subdued and/or restrained arrestees[,]" including, specifically, by "having dogs bite them for prolonged periods." (FAC ¶ 46.) Even if plaintiff admits to prior fleeing or resisting, he alleges the violation occurred when defendants used the dog to bite him for an unnecessary duration while he did not pose a threat to anyone's safety. (FAC, ¶¶ 26-32.)

Citing California Penal Code § 832.7(b)(6), defendant argues arrestees, crime victims, and witnesses have an expectation of confidentiality in police reports, since their names and personal information are not matters of public record. Although the court applies federal privilege law here, state law may provide "a useful referent [that is] not controlling[.]" Breed v. U.S. Dist. Ct., 542 F.2d 1114, 1115 (9th Cir. 1976).

Subsection 832.7(b)(6) addresses disclosure of records to the public under the California Public Records Act and specifies information that should be redacted when an agency discloses records to the public. See California Penal Code § 832.7(b)(1) ("the following… records… shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act…:"). Because that subsection applies to public disclosure of records rather than production in litigation, the court does not find it to be a useful referent in this instance.

Rather than disclosure to the public, the issue here is disclosure subject to the parties stipulated protective order signed by the court. (ECF No. 28.) Defendant does not adequately explain why the stipulated protective order is inadequate to protect the third-party privacy interests. See, e.g., Soto, 162 F.R.D. at 617 (finding the use of a "tightly drawn" protective order adequately protected the defendants' privacy interests in their personnel files). As in Soto, there is a "strong public interest in uncovering civil rights violations of the type [alleged] in this case." Id. at 617.

The court concludes plaintiff's need for the discovery outweighs the privacy interests of the third parties whose information may be produced. See, e.g., Curtin v. Cnty. of Orange, No. SACV16591SVWPLAX, 2017 WL 5593025, at *5 (C.D. Cal. Mar. 13, 2017) (overruling

objections based on privacy concerns connected with the disclosure of third-party medical records in light of stipulated protective order). Thus, the court rejects defendant's argument that plaintiff must make some further showing as to the adequacy of his Monell claims, or explain how each video shows the infliction of unnecessary pain or a prolonged bite, or demonstrate further similarity to the incident involving himself in order to receive the materials.

**B. Juvenile Dog Bite Incident**

Plaintiff seeks the reports and video for a dog bite incident involving Deputy Garcia and a juvenile arrestee two days before the incident involving Deputy Garcia and plaintiff. (ECF No. 39 at 71-72.) Defendant additionally objects to producing those records based on Welfare and Institutions Code § 827. (Id.)

California Welfare and Institutions Code § 827 limits the inspection and release of juvenile court records. See In re Jenkins, 14 Cal. 5th 493, 524 (2023). This court is not bound by that state law limitation. See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003), abrogated on other grounds by Filarsky v. Delia, 566 U.S. 377 (2012). Nevertheless, comity requires that the purpose of the statute be respected where possible. See, e.g., Patrick v. Cnty. of Los Angeles, No. 2:22-CV-02846-MWC-BFM, 2025 WL 576586, at *1 (C.D. Cal. Feb. 13, 2025). Courts should weigh "the needs of the case" against "the state interest in keeping juvenile information confidential." Maldonado v. Sec'y of Cal. Dept. of Corr. and Rehab., No. 2:06CV02696-MCE/GGH, 2007 WL 4249811, *5 (E.D. Cal. Nov. 30, 2007) (granting motion to compel in § 1983 action); M.S. v. Angus, No. 2:23-cv-09957-MWF-MAR, 2024 WL 5275581, at *3 (C.D. Cal. Dec. 4, 2024) (finding § 827 did not bar production of production of requested juvenile records). Some district courts within the Ninth Circuit have held the information sought must be "significantly relevant" or "extremely relevant" to the issues in the case in order to warrant dissemination of a juvenile case file in a federal question case. See Gatlin v. Contra Costa Cnty., No. 21-CV-00370-SI, 2025 WL 1070758, at *2 (N.D. Cal. Mar. 31, 2025) ("significantly relevant"); Meyer v. Cnty. of San Diego, No. 21-CV-341-RSH-BLM, 2024 WL 86603, at *5 (S.D. Cal. Jan. 8, 2024) (citing Maldonado, 2007 WL 4249811, at *5) ("extremely relevant").

////

The materials in this category are relevant. However, because the incident involves a juvenile arrestee with a significant privacy interest who is not a party to this case, and considering the interests of the state in keeping juvenile records confidential, the court concludes only a redacted incident report should be produced. The incident report shall be redacted so as not to disclose names, dates of birth, residential addresses, cell phone numbers, driver's license numbers, or other personal information of non-law enforcement individuals contained therein. The protective order currently in place limiting disclosure of the records adequately mitigates any privacy concerns for the redacted report.

**C. July 14, 2025 Body-Worn Camera Footage**

Plaintiff alleges that on July 14, 2025, County deputies approached a man exiting a vehicle whom they described as "compliant," and one deputy tackled the man to the ground and tazed him, even though he was not attempting to flee or resist. (FAC, ¶ 48.) According to plaintiff, Deputy Garcia was approaching the man with his dog as the other deputy tazed him, and shortly after the incident, Deputy Garcia told the deputy who tazed the man he should have let Garcia attack the man with his dog instead. (Id.) The deputy allegedly joked that Deputy Garcia took too long and he "wanted [Garcia] to have the dog ready in the front seat of his vehicle so he could jump out and attack." (Id.)

Plaintiff argues the deputies' comments show the County tolerates a custom and practice of unnecessarily using dogs to inflict pain and punishment on arrestees, which is relevant to the existence of the custom, the County's failure to train and discipline Garcia, and punitive damages. (ECF No. 39 at 74.) Defendant argues the video is not probative of any issue in the case because it involved an entirely different arrest, did not involve a K9 apprehension, and occurred years after plaintiff's arrest. (Id. at 75.)

The Ninth Circuit allows the admission of post-event evidence to prove a municipal defendant's policy or custom. Henry v. Cnty. of Shasta, 132 F.3d 512, 519 (9th Cir. 1997), opinion amended on denial of reh'g, 137 F.3d 1372 (9th Cir. 1998) ("we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry"). Considering

the broad scope of discovery, the body-worn camera footage is relevant to establish plaintiff's Monell claims.

**IV. Order**

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing on the motion to compel re-set for December 2, 2026, is VACATED.
2. Plaintiff's motion to compel (ECF No. 37) is GRANTED in part.
3. Within 30 days of the date of this order, defendant shall provide amended responses to the interrogatories in dispute in accordance with the above and shall produce all responsive documents to the requests in dispute, except as to any incident involving a juvenile arrestee. As to any incident involving a juvenile arrestee, defendant shall produce only a redacted incident report which does not disclose names, dates of birth, residential addresses, cell phone numbers, driver's license numbers, or other personal information of non-law enforcement individuals.

Dated: November 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 thom25cv2113.mtc